*Northern District*
No. 7947

**WILLIAM McLAUGHLIN, M.D.,**
Petitioner,

v.

**DORA HERBERT,**
Respondent

Argued: Dec. 14, 1972 - Decided: Feb. 23, 1973

*Present:* Flaschner, P.J., Bacigalupo, Mason, JJ.

Case tried to *Doyle, J.* in the Second District Court of Eastern Middlesex. Date of Decision: August 30, 1972. Docket number: 19374 of 1972.

**Flaschner, P.J.** This is a report on the trial judge's denial of a motion to dismiss the petition for a court order of recommitment filed by

the superintendent of a facility for the care and treatment of mentally ill. It is properly before the Appellate Division for review of a matter of law arising in a commitment hearing. G.L. c. 123, § 9(a). See St. 1971, c. 760, §7 wherein this section of the new chapter 123, as enacted by St. 1970, c. 888, was rewritten.

The respondent was first committed to the facility by an order of the District Court in whose jurisdiction the facility is located. G.L. c. 123, §7(a). That order was for six months from February 15, 1972 to August 14, 1972. On August 10, 1972 the superintendent filed the petition for recommitment. On August 24, 1972 and prior to a hearing on the petition the respondent filed the motion to dismiss. It was denied on August 25, 1972. The petition was heard on August 30, 1972. The court issued an order committing the respondent for a period not to exceed one year.

The matter of law concerns an interpretation of G.L. c. 123, § 8(f), inserted along with § 8(e) by St. 1971, c. 760, § 6. These sections are as follows:

"(e) Whenever a hearing has been requested, the court shall render its decision on the petition within ten days of the completion of the hearing, provided, that for reasons stated in writing by the court the chief justice of the district courts may extend said ten day period.

(f) The first order of commitment of

a person to a facility under this section and the first order of commitment of a person to the Bridgewater State Hospital under this section shall be valid for a period of six months, and all subsequent orders of commitment shall be valid for a period of one year. If no hearing is held before the expiration of the six months' commitment, the court may not recommit the person without a hearing.''

Respondent's contention is that pursuant to the last sentence of § 8(f) the statutory recommitment for one year could be ordered only if the hearing were held before the expiration of the first six months commitment. That expiration date was 16 days before the hearing was held. The respondent acknowledges in her brief and argument that G.L. c. 123, § 6(a) authorizes the retention of the respondent at the facility ''during the pendency of a petition for a court order of commitment.'' However, respondent urges that the petition for recommitment be treated as if it were an initial petition in support of an order for only six months. It would be as if the respondent were discharged for sixteen days and a fresh commitment hearing then held.

The respondent does not contend that her commitment was unwarranted under the standards set forth in the Code or that there was non-compliance with any substantive or procedural provision of the Code other than as set

forth above. The thrust of respondent's contention is that at the end of two successive commitment orders under the Code a patient shall not have been retained in the custody of the facility pursuant to those orders exactly eighteen months, and no longer, except perhaps the ten days or less which might elapse between hearing and decision pursuant to § 8(e).

The new chapter 123, as amended, does not contain a provision for crediting to a patient's term of custody pursuant to a subsequent successive commitment order the number of days spent in custody between the expiration of one term and the commencement of the next. This may be a subject matter for further legislative amendment, but we hold that such a policy may not be established by interpretively grafting it onto § 8(f).

§ 8(f) by its express language requires only that a hearing be held upon an application for recommitment if none had been held for the first commitment. It does not state that if such a hearing is required it must be held before the expiration of the term of the first commitment. Nor can such a contention be inferred from legislative history. In fact, the converse is true, as revealed by a comparison of the Code provisions before and after the 1971 amendment.

§ 6(b) of the 1970 Act provided expressly that "if a petition is filed for commitment . . .

for a period of less than one year," the respondent has a. right to a hearing only prior to the order of commitment; and if the petition were for a commitment for one year, the respondent has a right to a prior hearing, or failing to exercise that right, such a hearing might be had at any time "during the valid period of such order."

The 1971 amendment to this section extended the optional right to a hearing either before or after the issuance of the order to all petitions for commitment, including the first such commitment, and § 7(c) was amended to require that the notice of the petition to the respondent "shall also contain a statement of the right to a hearing after the issuance of the order of commitment as set forth in clause (2) of paragraph (b) of section six."

The term of the first commitment was fixed as six months in all cases by the 1971 amendment, eliminating the provisions in the original §§ 12(d) and (e) which established a one month term if no hearing was requested, and a six months term if an order issued following a hearing. Under the original § 12(e), if there had been a one month order, it was provided that the next order could be issued for only five months, but then only "after a hearing". It was not required that this hearing be held during the original one month term, but only that the petition be filed "prior to the expiration of such period".

In the instant case the respondent had a right to a hearing before the issuance of the first order of commitment for six months and thereafter during such term, but the respondent did not request a hearing at any time. The hearing was, therefore, mandatory as a condition precedent for the one year recommitment under § 8(f) and the petition therefor was filed four days before the expiration of the six months term.

Further comparison of the original and amended provisions of the Code indicate legislative intent to provide some flexibility in the holding of the hearings. Under the original § 12(d) it was provided that "if a hearing has been requested, such person shall be released from the facility if the court order for the commitment of the person is not issued within seventeen days after the date of the receipt or such request by the court:" See similar provisions in original §§ 11, 9(d) and 6(c). Even these straightjacket provisions did not insure that a hearing would be held prior to the expiration of a preceding term of commitment, since the petition had to be filed only before the previous order of commitment expired. In the 1971 amendment, however, all of these straightjacket provisions were repealed. Instead, § 6(b) was amended to provide that "the court shall hold the hearing without delay," § 8(e) was inserted to require the court to render its decision within ten days

of the completion of the hearing (with an extension only by the chief justice of the District Courts "for reasons stated in writing by the court"), and §9 substituted for the original *de novo* appeal to the probate court an appeal on matters of law to the Appellate Division and a habeas corpus type of application at any time to the Superior Court. Respondent does not contend in this case that the hearing was not held without delay as required by § 6(b).

As to respondent's argument on due process, the foregoing discussion makes it clear that any respondent under the Code is more than adequately protected against a wrongful indefinite commitment. §4 requires periodic reviews. "Likelihood of serious harm" as defined in § 1 is one condition of every commitment. Commitments after the first ten days are only by petition and court orders for fixed terms. All civil commitments are subject to prior discharge in the discretion of the superintendent. Notice and hearing rights apply to all petitions. Counsel and independent psychiatric examinations are provided for indigents. At the end of six months, if there has been no hearing, the respondent, as in the instant case, receives a court hearing whether requested or not. Moreover, the new Chapter 123, as amended, was specifically designed to comply with the constitutional requirements set forth in *Baxstrom* v. *Herold,* 383 U.S. 107

(1966), *Commonwealth* v. *Druker,* 352 Mass. 544 (1967), *Petition of Rohrer,* 353 Mass. 282 (1967), and even with those requirements later appearing in *Jackson* v. *Indiana,* 92 S. Ct. 1845 (1972).

**The report is dismissed.**

THOMAS F. BURKE
for Petitioner

EDMUND P. DALEY
for Respondent